IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MERCY IHAMA, | No. C 05-03483 WHA |
| Plaintiff, | |
| v. | **ORDER GRANTING-IN-PART AND DENYING-IN-PART MOTION TO DISMISS** |
| BAYER CORPORATION and DOES 1–20, inclusive, | |
| Defendants. | |

## INTRODUCTION

In this employment-discrimination action, defendant moves under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) to dismiss plaintiff's claims for intentional infliction of emotional distress and negligent supervision. This order **GRANTS IN PART** and **DENIES IN PART** defendant's motion.

## STATEMENT

Plaintiff Mercy Ilhama began working for Bayer Corporation ("Bayer") in August 1999 as a Biological Analyst. She has suffered from sickle cell anemia since birth and requires regular medical treatment for her condition. Bayer accommodated plaintiff accordingly, and allowed her to take two days off per month for such treatment from approximately August 2001 through April 2003 (Compl. ¶¶ 7, 11–12). In April 2003, plaintiff was involved in a car accident. As a result, she suffered injuries to her left shoulder and right wrist and took time off from work to recover. In June 2004, she attempted (unsuccessfully) to return. In so doing, she

1  provided Bayer with a letter from John Hege, M.D., which specified various limitations on her
2  work capabilities.* The letter also indicated that these restrictions were temporary and would
3  only apply until January 31, 2005 (*id.* ¶¶ 14–15).  Bayer failed to discuss the requested
4  accommodations with plaintiff and terminated her on October 20, 2004 (*id.* ¶ 16).  In the
5  termination letter, Bayer mischaracterized plaintiff's accident-related restrictions as
6  "permanent" despite Dr. Hege's statement to the contrary.  Indeed, plaintiff's only permanent
7  work restriction was to take two days off per month for anemia treatment—just as she had done
8  before the accident occurred (*id.* ¶ 17).

9  On August 25, 2005, plaintiff alleged claims for: (1) unlawful discrimination on the
10 basis of disability in violation of the Fair Employment and Housing Act ("FEHA"); (2) failure
11 to accommodate; (3) failure to engage in interactive process; (4) intentional infliction of
12 emotional distress; (5) negligent supervision; and (6) failure to pay wages at the time of the
13 termination.  Four days later, defendant removed the action based on diversity of citizenship
14 between the parties.  On September 25, it filed a motion to dismiss plaintiff's claims for
15 intentional infliction of emotional distress and negligent supervision under Federal Rules of
16 Civil Procedure 12(b)(1) and 12(b)(6).  Defendant argues that both claims come within the
17 exclusive jurisdiction of workers' compensation and therefore cannot be adjudicated in private
18 litigation.  It also contends that plaintiff failed to assert sufficient factual allegations to support
19 such claims.

20 In her opposition, plaintiff explicitly declined to contest defendant's motion to dismiss
21 the claim for intentional infliction of emotional distress.  As such, the Court dismisses this
22 claim.  Plaintiff does, however, oppose the motion to dismiss her claim for negligent
23 supervision.

---

27 * Dr. Hege's letter noted that plaintiff was restricted from activities requiring her to: lift more than ten pounds; perform repetitive reaching overhead; power grip items; squat repetitively; climb; crawl; and work
28 overtime.  Dr. Hege also notified Bayer that plaintiff could not work more than three days and 24 hours per week (Compl. ¶ 15).

United States District Court
For the Northern District of California

**ANALYSIS**

Pursuant to Rule 12(b)(1), dismissal is appropriate when the Court lacks subject-matter jurisdiction. Federal courts generally lack such jurisdiction over claims arising out of alleged injuries which are collateral to or derivative of compensable workplace injuries. More specifically, workers' compensation provides the exclusive remedy for claims that come within the "conditions of employment" and arise from acts that constitute "risk[s] reasonably encompassed within the compensation bargain." *See Shoemaker v. Myers*, 52 Cal. 3d 1, 16 (1990).

A motion to dismiss under Rule 12(b)(6) tests for legal sufficiency of the claims alleged in the complaint. *Parks Schl. of Bus. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Such a motion should not be granted "unless it appears beyond doubt that the [claimant] can prove no set of facts in support of the claim that would entitle it to relief." *Balistreri v. Pacifica Police Dept.*, 901 F.2d 696, 699 (9th Cir. 1990). Dismissal may be premised "on the lack of a cognizable legal theory or the absence of sufficient facts alleged under a cognizable legal theory." *Ibid*. In evaluating a motion to dismiss for failure to state a claim, all well-pled material allegations are taken as true and are construed in the light most favorable to the nonmoving party. *Cahill v. Liberty Mut. Ins. Co.*, 80 F.3d 336, 337–38 (9th Cir. 1996).

1. **SUBJECT-MATTER JURISDICTION.**

Defendant argues that plaintiff's cause of action for negligent supervision is within the exclusive purview of workers' compensation. This contention is misguided. The exclusive jurisdiction provision of the Workers' Compensation Act ("WCA") does not preempt this action because it arises from conduct that allegedly violates the FEHA, undermines the public policy of the state and exceeds the normal risks of employment.

The WCA does not preempt employees' claims arising out of allegedly discriminatory conduct that violates the FEHA and exceeds the normal risks of the employment relationship. *See, e.g., City of Moorpark v. Superior Court*, 18 Cal. 4th 1143, 1154–55 (1998) (employee's wrongful discharge claim based on disability discrimination not subject to exclusive jurisdiction of workers' compensation); *Accardi v. Superior Court,* 17 Cal. App. 4th 341 (1993) (workers'

1  compensation not the exclusive remedy for emotional distress claim based on sexual harassment
2  discrimination in violation of the FEHA).

3　　　　Moreover, where an employer's actions violate California's established public policy,
4  claims for intentional torts and negligence arising from those actions are not confined to the
5  exclusive province of workers' compensation.  *See Maynard v. City of San Jose*, 37 F.3d 1396,
6  1405 (9th Cir. 1994) (neither employee's claim for intentional infliction of emotional distress
7  nor claim for negligent infliction of emotional distress preempted because defendant's conduct
8  contravened fundamental public policy prohibiting retaliation against employees who oppose or
9  participate in investigation of discriminatory practices under Government Code § 12940(f)).

10　　　　Here, plaintiff's claim arises out of conduct that allegedly constituted disability
11  discrimination, went beyond the normal risks of employment and violated established public
12  policy of the state.  Plaintiff has pled that defendant denied her request to return to work in
13  June 2004, failed to meet and confer with her in good faith in response to her request for
14  accommodations, neglected to accommodate her disability from June 2004 through
15  October 2004 and terminated her in October 2004.  Such conduct allegedly constituted
16  disability discrimination in violation of the FEHA because plaintiff claims that she was capable
17  of performing the essential duties of her job at the time it occurred (Compl. ¶ 22).  She has also
18  pled that defendant had a duty to protect her from such unlawful conduct, failed to fulfill this
19  duty in neglecting to supervise their employees and that their failure proximately caused her
20  injury which resulted in damages (*id.* ¶¶ 16, 27–32, 35–39, 52–54, 56).  Furthermore,
21  California's public policy officially proscribes defendant's alleged unlawful conduct.
22  California Government Code section 12940(k) provides that it is unlawful "[f]or an
23  employer . . . to fail to take all reasonable steps necessary to prevent discrimination and
24  harassment from occurring."  Section 12940(m) provides that it is "unlawful for an
25  employer . . . to fail to make reasonable accommodation for the known physical or mental
26  disability of an applicant or employee."  Section 12940(n) proscribes an employer's "fail[ure] to
27  engage in a timely, good faith, interactive process with the employee . . . to determine the
28  effective reasonable accommodations, if any, in response to a request for reasonable

1  accommodation by an employee . . . with a known physical or mental disability or known
2  medical condition." The California Supreme Court has stated:

> The FEHA broadly announces the public policy of this state
> that it is necessary to protect and safeguard the right and
> opportunity of all persons to seek, obtain, and hold employment
> without discrimination or abridgment on account of . . . physical
> disability . . . .

*City of Moorpark*, 18 Cal. 4th at 1161 (internal citation omitted). As such, plaintiff has alleged that defendant's negligent supervision constituted discriminatory conduct in violation of the FEHA that transgressed the ordinary risks of the employment relationship and the public policy of the state. Furthermore, the fact that plaintiff alleged that defendant violated both FEHA and common law does not preclude plaintiff from pursuing both claims. *See Stevenson v. Superior Court*, 16 Cal. 4th 880, 902 (1997). Thus, workers' compensation is not the exclusive remedy for her claim.

    **2.  LEGAL SUFFICIENCY OF THE CLAIM.**

Defendant further argues that plaintiff's complaint is bereft of sufficient factual pleadings to support her claim for negligent supervision. This argument fails. Plaintiff has alleged sufficient facts to state such a claim.

Providing the statutory basis for negligence claims, California Civil Code § 1714(a) states that "[e]veryone is responsible . . . for an injury occasioned to another by his or her want of ordinary skill or care in the management of his or her property or person." In order to establish an action for negligence, one must demonstrate that: (1) the defendant had a legal duty to conform to a standard of conduct to protect the plaintiff; (2) the defendant failed to meet this standard of conduct; (3) the defendant's failure was the proximate or legal cause of the resulting injury; and (4) the plaintiff was damaged as a result. *Ladd v. County of San Mateo*, 12 Cal. 4th 913, 917 (1996).

Plaintiff has pled these elements. In the complaint, plaintiff alleged that defendant had a duty to protect her from their supervisors' unlawful conduct under the FEHA and California's official public policy that it knew had occurred. She also pled that defendant failed to fulfill this duty. Specifically, she averred that defendant failed to take reasonable steps to prevent

discrimination from occurring, accommodate her from July through October 2004 and meet and confer with her about her request for accommodation during that period. Moreover, she alleged that defendant failed to prevent, supervise or penalize such conduct. According to plaintiff, these failures proximately caused her to suffer injury prior to and including her termination, which resulted in damages (Compl. ¶¶ 46–56). Thus, plaintiff has pled sufficient facts which would entitle her to relief for negligent supervision.

## CONCLUSION

Defendant's motion to dismiss is **GRANTED** with respect to the cause of action for intentional infliction of emotional distress and **DENIED** with respect to the cause of action for negligent supervision.

**IT IS SO ORDERED.**

Dated: November 14, 2005

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE